



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

July 6, 1939

Honorable K. W. Easterling
County Attorney
Jefferson County
Beaumont, Texas

Dear Sir:

Opinion No. O-1069
Re: Can expenditures made under
authority given to the Com-
missioners' Court by Article
6830 be deducted from the pro-
ceeds of a tax levied under
authority granted under Ar-
ticle VIII, Section 9, of
the Constitution?

This is to inform you that in accordance with
your request, we have re-examined and reconsidered Opin-
ion No. O-37 rendered by this department on March 27,
1939. We have given full consideration to the authori-
ties cited by you in connection with the questions raised,
and we must advise that, in our opinion, the conclusions
reached in that opinion are correct, and said opinion is
hereby re-adopted.

We sum up the situation as follows:

1.     The Water Control and Improvement District
was created pursuant to Article 16, Section 59a, of the
Constitution, and Article 7880, et seq., of the Revised
Civil Statutes.

2.     The nunc pro tunc order described in your
letter is based upon a power conferred by Article 11,
Section 7, of the Constitution, and Article 6830 of the
Revised Civil Statutes, which we conclude to be a re-enact-
ment of this provision of the Constitution.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

3.    That irrespective of either of the foregoing, this is not such an expenditure as can be made from the Permanent Improvement Fund of the county.

It occurs to us that the recitations in the nunc pro tunc order can not in anywise determine or authorize an expenditure out of a fund not created for such purpose. To carry the matter further, we presume, for reasons of clarification, that if it were within the power of the county to pay these items of expense at all, it would be chargeable to the General Fund alone, and then only after it had been established as an expense for a "county purpose".

We are of the opinion that an item of expense incurred in behalf of the creation and establishment of a Water Control and Improvement District, formed pursuant to the laws authorizing such district, can not in any manner be determined a general county purpose (a purpose beneficial to the county as a whole).

Assuring you of our desire to cooperate at all times, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Clarence E. Crowe_

Clarence E. Crowe
Assistant

APPROVED JUL 10, 1939
CEC:FG

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY _WRK_
CHAIRMAN

Su 0-37